·BLAKE & JOHNSON *v.* KROM.

*(Superior Court of New York City, General Term.    January 5, 1891.)*

COUNTER-CLAIM—EVIDENCE.

    Defendant, having delivered to plaintiff patterns for machinery to be made for him, afterwards, in an action by plaintiff against him, set up a counter-claim for damages for a violation of the agreement between them by plaintiff in making machinery for others from the patterns. The evidence merely raised a suspicion that there was such machinery, in various distant places, which had not been ordered by defendant, and which might have been made by plaintiff; and it appeared that, if there was any claim for damages, it existed before the making of the notes by

defendant on which the action was brought, and no reason was shown why it should not have been settled before they were given. *Held,* that the counter-claim was not substantiated, and a verdict was properly directed for plaintiff.

Appeal from jury term.

Action by Blake & Johnson, a corporation, against Stephen R. Krom, on two promissory notes made by defendant, payable to the order of plaintiff. Defendant's answer did not deny the allegations of the complaint respecting the notes, but set up a counter-claim for damages for breach of an agreement between the parties for the manufacture of machinery by plaintiff for defendant, to be used for machinery ordered by him only, but which he alleged plaintiff had used in making machines ordered by other persons, without permission or authority from defendant. At the trial, defendant testified that he had seen one such machine at Georgetown, Colo., bearing his patent number and name, which had not been ordered by him, and also testified to circumstances which might raise a suspicion that other such machines, or parts of them, not ordered by him, had been furnished by plaintiff to other parties; but there was no proof that any of them had been made by plaintiff for any person other than defendant. He admitted that these facts were known to him before he made the notes on which the action was brought, and that he did not make any claim thereon until afterwards. The judge directed a verdict for plaintiff, and denied a motion by defendant for a new trial. Defendant appeals from the judgment for plaintiff entered on the verdict, and from the order denying his motion for a new trial. On the hearing of the motion for a new trial, the following opinion was delivered by O'GORMAN, J.: "This is a motion on behalf of the defendant for a new trial on the ground that the trial judge erred in directing a verdict for the plaintiff. After reading the testimony and the briefs of the learned counsel for the plaintiff and for the defendant, I am still of the opinion that, taking all the evidence of the case into consideration, the decision made at the trial term was not error. The claim now set up by the defendant existed, if at all, some time before the making of the notes in suit, on the part of the plaintiff, and no satisfactory reason was given why the claim now urged by the defendant as a counter-claim in this action should not have been by him urged, settled, or in some way disposed of before his giving the notes in suit. The evidence in support of defendant's counter-claim did not seem to me sufficient to substantiate affirmatively the facts on which the counter-claim was predicated, and, under the peculiar circumstances of the case, it was my opinion that clear preponderance of evidence should have been required. The opinion of the court of appeals in *Dwight* v. *Insurance Co.*, 103 N. Y. 341, 8 N. E. Rep. 654, seemed to me applicable to the case. It was there held that a mere *scintilla* of evidence in favor of one side or the other is not sufficient to warrant a trial judge in submitting the question of fact to the jury. I did not think the evidence in the case at bar such as should have reasonably satisfied the jury, and warranted them in finding a verdict for the defendant. I am informed by a statement in the plaintiff's brief that the defendant has appealed to the general term, which course seems to me to be proper in the case. In my opinion, the motion for a new trial should be denied, with costs."

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Herbert T. Ketcham,* for appellant. *Julius J. A. Lyons, (Michael H. Cardozo,* of counsel,) for respondent.

PER CURIAM. The evidence given by the defendant was insufficient to substantiate the counter-claim set up in the answer, and, as the claim of the plaintiff was admitted to the extent of the amount for which the verdict was directed, the case was correctly disposed of. The judgment and order should be affirmed, with costs.